**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

FILED

2010 APR -5 P 5: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| PABLO QUIROGA and<br>MARIA DAVIS,<br>               Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC,<br><br>BANK OF AMERICA, as successor by<br>Merger to LaSalle Bank N.A. as Trustee<br>for RAMP 2007RZ1,<br><br>RAMP SERIES 2007-RZ1 Trust,<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC.,<br><br>MORTGAGEIT, INC.,<br><br>SPECIALIZED INC. OF VIRGINIA,<br><br>CHICAGO TITLE INSURANCE CO.,<br><br>JOHN & JANE DOE CERTIFICATE<br>HOLDERS of Mortgage Asset-Backed<br>Pass-Through Certificates,<br>Series 2007-RZ1, I-M, *et al.*,<br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.  1:10 CV 331<br>            (LO)JFA) |

## NOTICE OF REMOVAL

**NOW COMES** Defendant GMAC Mortgage, LLC (hereinafter, "GMACM"), by its

undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-

captioned action from the Circuit Court for Loudoun County, Virginia to the United States

District Court for the Eastern District of Virginia, Alexandria Division.  Removal of this

proceeding is warranted and proper inasmuch as this Court has subject matter jurisdiction herein under federal question jurisdiction conferred by 28 U.S.C. § 1331.

In support of its removal of the referenced civil action to this Court, Defendant GMACM states as follows:

1.      On or about August 18, 2009, Plaintiffs Pablo Quiroga and Maria Davis filed their Complaint ("Complaint") in the Circuit Court for Loudoun County, Virginia.  A copy of the Summons and Complaint is attached hereto as Exhibit A.

2.      As indicated in the attached Exhibit A, the second page of which is the "Affidavit for Service of Process on the Secretary of the Commonwealth," the Clerk of the Office of the Secretary of the Commonwealth served the Summons and Plaintiffs' Complaint on the undersigned counsel for GMACM on or about March 31, 2010.

3.      Plaintiffs' Complaint sets forth alleged causes of action under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (2000); the declaratory judgment statute of Virginia, Virginia Code Ann.  § 8.01-184; breach of fiduciary duty; quiet title; injunctive relief pursuant to Virginia Code Ann.  § 8.01-620 and § 8.01-622; fraud; violations of the 5th  and 14th Amendments to the Constitution of the United States of America; and violations of the Bill of Rights of Virginia, Section 11, Article 1.

4.      Plaintiffs' purported causes of action are based upon a single set of operative facts arising from a mortgage loan transaction occurring on or about August 25, 2006, in which Plaintiffs borrowed at least $477,500.00 secured by real property located in Loudoun County, Virginia.

5.      Defendant GMACM denies the allegations contained in Plaintiffs' Complaint, and GMACM further states that Plaintiffs have failed to state a claim upon which relief may be

granted. Defendant GMACM denies that Plaintiffs have sustained any damages by its actions, for which damages or injunctive relief could be awarded them.

5.      All of the claims set forth in the Complaint stem from a common nucleus of operative facts that, in the interest of justice and economy, can be addressed and disposed of in a single civil action. All claims and parties in this matter should be removed to federal court in order to resolve this matter.

6.      This case is removable to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint raises questions under federal law specifically arising under the Constitution of the United States and the above-referenced federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (2000). Due to the claims set forth in Plaintiffs' Complaint based on federal constitutional and statutory law, they could have filed their action in this Court.   Thus, removal of this action is proper pursuant to 28 U.S.C. § 1441.

7.      Plaintiffs' Complaint appears to be based primarily on issues pertaining to federal constitutional and statutory law. Therefore, the outcome of this case depends upon substantial questions of federal law and it qualifies for federal question jurisdiction. *See, Grable & Sons Metal Prods. V. Daure Engineering & Mfg.,* 545 U.S. 303, 312 (2005)  (federal question jurisdiction exists if court's resolution of claims depends on significant questions of federal law).

8.      The other named defendants in the above-referenced proceeding have not filed responsive pleadings as of the filing of this Notice.

9.      In accordance with 28 U.S.C. § 1446(d), written notice of removal of this proceeding has been served on Plaintiffs' counsel and a Notice of Filing of Removal to Federal

Court is being filed with the Clerk of the Circuit Court for Loudoun County, Virginia, a copy of which is attached hereto as Exhibit B.

**WHEREFORE**, in consideration of the foregoing, Defendant GMACM LLC removes the above-referenced civil action from the Circuit Court of Loudoun County, Virginia to the United States District Court for the Eastern District of Virginia (Alexandria Division).

Respectfully submitted,

S. Ricardo Narvaiz
Virginia Bar No. 39938
LAW OFFICES OF S. RICARDO NARVAIZ
1300 Spring Street, Suite 500
Silver Spring, Maryland 20910
Telephone: (301) 628-2066
Facsimile: (301) 588-0854
Counsel for Defendant GMACM, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 5th day of April, 2010, a copy of the foregoing NOTICE OF REMOVAL was mailed, postage prepaid and sent by e-mail to the following:

Christopher E. Brown, Esq.
R. Michael Smith, Esq.
Miguel Vaca, Esq.
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, VA 22310

Bank of America, N.A.
Office of the President
100 North Tryon Street
Charlotte, NC 28255

Ramp Series 2007-RZ1 Trust
8400 Normandale Lake Blvd.,  Suite 600
Minneapolis, MN 55437

Mortgage Electronic Registration System, Inc.
1818 Library Street
Reston, VA 20190

Mortgageit, Inc.
33 Maiden Lane, 6th Floor
New York, NY 20038

Specialized Inc. of Virginia
722 E. Market Street, Suite 200
Leesburg, VA 20176

Chicago Title Insurance Co.
5875 Trinity Parkway, Suite 210
Centreville, VA 20120

S. Ricardo Narvaiz





# COMMONWEALTH of VIRGINIA
### *Secretary of the Commonwealth*

POST OFFICE BOX 2452                                              RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

GMAC Mortgage, LLC
Attn: S. Ricardo Narvaiz
1300 Spring Street, Suite 500
Silver Spring, MD  20910

Pablo Quiroga and Maria Davis

vs.

GMAC Mortgage, LLC
Attn: S. Ricardo Narvaiz

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about this matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:
County of Loudoun
Loudoun Circuit Court
18 East Market Street
PO Box 550
Leesburg, VA 20178
703 777 0270

Service of Process Clerk
Secretary of the Commonwealth's Office

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. <u>57465</u>

Commonwealth of Virginia    VA. CODE § 8.01-301, -310, -329; 55-218.1; 57-51

_____LOUDOUN COUNTY_____Circuit Court

PABLO QUIROGA and MARIA DAVIS _ V. BANK OF AMERICA, N. A., et. al.

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:
☐ Notice of Motion for Judgment and Motion for Judgment
☒ Subpoena in Chancery and Bill of Complaint
☐ Garnishment Summons

I, the undersigned Affiant, state under oath that:

☐ the above-named defendant ☒ GMAC MORTGAGE, LLC,

whose last known address is: ☐ same as above ☒ Attn: S. Ricardo Narvaiz  1300 Spring Street, Suite 500 Silver Spring, MD 20910

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☒ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

___March 9, 2010_____          CHRISTOPHER E. BROWN, SQ.
DATE                                          ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT

State of VIRGINIA .........................................  ☐ city  ☒ county of FAIRFAX
Acknowledged, subscribed and sworn to before me this day:

___March 9, 2010_____                                              ILCCIA PORRES

DATE              ☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC   7173740

My commission expires: JULY 31, 2012

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer. SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:
1. On ......MAR 1 1 2010.................................., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2. On ........................................ MAR 3 0 2010.., papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE
SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (FRONT) 7/98 PC

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE
SECRETARY OF THE COMMONWEALTH**                    Case No. **57465**

Commonwealth of Virginia    VA. CODE § 8.01-301, -310, -329; 55-218.1; 57-51

_____LOUDOUN COUNTY_____Circuit Court

PABLO QUIROGA and MARIA DAVIS _ V. BANK OF AMERICA, N. A., et. al.

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   ☐   Notice of Motion for Judgment and Motion for Judgment
               ☒   Subpoena  in Chancery and Bill of Complaint
               ☐   Garnishment  Summons

I, the undersigned Affiant, state under oath that:

☐   the above-named defendant   ☒   GMAC MORTGAGE, LLC,

whose last known address is: ☐ same as above ☒ Attn: S. Ricardo Narvaiz  1300 Spring Street, Suite 500

Silver Spring, MD 20910

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☒ is a person whom the party seeking service, after exercising due diligence, has been unable to locate
(see  DUE DILIGENCE REQUIREMENT ON BACK)

_March 9, 2010_____        CHRISTOPHER E. BROWN, SQ.
      **DATE**                ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT

State of VIRGINIA ..........................................  ☐ city ☒ county of FAIRFAX

Acknowledged, subscribed and sworn to before me this day:

____March 9, 2010_____                                ILCCIA PORRES

      **DATE**       ☐ CLERK   ☐ MAGISTRATE  ☒ NOTARY PUBLIC   7173740

                          **My commission expires: JULY 31, 2012**

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which
designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the
Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you.
If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED
WITH THE ABOVE-NAMED COURT.

                          **CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:
1. On ......MAR.1.1.2010.................................., legal service in the above-styled case was made upon the Secretary
of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of
Virginia, as amended.
2. On ......................................................................., papers described in the Affidavit were forwarded by certified mail,
return receipt requested, to the party designated to be served with process in the Affidavit.

                    SERVICE OF PROCESS CLERK, DESIGNATED BY THE AUTHORITY OF THE
                    SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (FRONT) 7/98 PC

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1.   Transacting any business in this Commonwealth;

2.   Contracting to supply services or things in this Commonwealth;

3.   Causing tortious injury by an act or omission in this Commonwealth;

4.   Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5.   Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6.   Having an interest in, using, or possessing real property in this Commonwealth;

7.   Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting; or

8(ii).  Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in *personam* jurisdiction over such person.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.



VIRGINIA:

## IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

PABLO QUIROGA and
MARIA DAVIS
38 Stocks Street
Lovettsville, VA 20180

      Plaintiffs,

v.

                              CL _57465_

BANK OF AMERICA, N. A., as successor by
merger to LaSalle Bank N.A. as Trustee
for RAMP 2007RZ1,
a federally chartered bank
Office of the President
100 North Tryon Street
Charlotte, NC 28255

          SERVE: Secretary of the Commonwealth
          Attn: Service of Process Department
          Post Office Box 2452
          Richmond, VA 23218

and

RAMP Series 2007-RZ1 Trust,
an unincorporated association
8400 Normandale Lake Blvd., Suite 600
Minneapolis, MN 55437

          SERVE: Secretary of the Commonwealth
          Service of Process Department
          Post Office Box 2453
          Richmond, VA 23218

and

GMAC MORTGAGE, LLC,
a Delaware limited liability company
100 Witmer Road
Horsham, Pennsylvania 19044



FILED

2009 AUG 18 PM 1:31

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA.

BY _____
D.C.

SERVE: Registered Agent:
Corporation Service Company
11 South 12th Street
Richmond, VA 23218

and

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,
a Delaware corporation,
1818 Library Street
Reston, VA 20190

SERVE: Registered Agent:
Sharon Horstkamp, Esq.
1818 Library Street   Suite 300
Reston, VA 20190

and

MORTGAGEIT, INC.,
a New York corporation
33 Maiden Lane, 6th Floor
New York, NY 20038

SERVE: Registered Agent:
CT Corporation System
4701 Cox Road   Suite 301
Glen Allen, VA 23060

and

SPECIALIZED INC., OF VIRGINIA,
a Virginia corporation
722 E. Market Street, Suite 200
Leesburg, VA 20176

SERVE: Registered Agent:
Corporation Service Company
11 South 12th Street
Richmond, VA 23218

and

CHICAGO TITLE INSURANCE COMPANY,
a Nebraska corporation
5875 Trinity Parkway, Suite 210
Centreville, VA 20120

SERVE: Registered Agent:
CT Corporation System
4701 Cox Road  Suite 301
Glen Allen, VA 23060

and

JOHN & JANE DOE CERTIFICATE HOLDERS of
Mortgage Asset-Backed Pass-Through Certificates,
Series 2007-RZ1, I-M

SERVE: By Order of Publication

and

JACK & JILL DOE CERTIFICATE HOLDERS I-M

SERVE: By Order of Publication

and

QUI & CHI DOE
Associations, Corporations and Entities I-M

SERVE: By Order of Publication

Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, Pablo Quiroga and Maria Davis (hereinafter "Plaintiff"),

husband and wife, by and through counsel, and for their Complaint states as follows:

## PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia, and is the lawful and sole

title holder of 38 Stocks Street, Lovettsville, VA 20180 (hereinafter, the "Property").

2. Defendant MORTGAGEIT, INC (hereinafter "MORTGAGEIT") is a New York

corporation whose principal place of business is located in New York, NY. Defendant

MORTGAGEIT is authorized to and regularly does transact business in the Commonwealth of

3

Virginia, including originating mortgages on real property in the Commonwealth, specifically including the Property.

3.   Defendant Bank of America, N. A., as successor by merger to LaSalle Bank, N.A., as trustee for RAMP 2007RZ1, (hereinafter "BoA"), upon information and belief is a federally chartered bank, whose principal place of business is located in Charlotte, NC. Defendant BoA regularly transacts business in the Commonwealth of Virginia including buying, selling and/or securitizing mortgages on property located in the Commonwealth, specifically including the Property.

4.   Defendant RAMP Series 2007 RZ1-Trust (hereinafter "RAMP Trust") is an unincorporated association formed under the laws of Delaware, whose principal place of business, upon information and belief, is located in Minneapolis, MN.  RAMP Trust does business in the Commonwealth of Virginia, including buying, selling and/or securitizing mortgages on property located in the Commonwealth, specifically including the Property.

5.   Defendant GMAC Mortgage, LLC (hereinafter "GMAC") is a limited liability company existing and organized under the laws of the State of Delaware.  Defendant GMAC's principal place of business is located in Horsham, PA.  Defendant GMAC is licensed to and regularly does transact business in the Commonwealth of Virginia including buying, selling, securitizing and/or servicing mortgages on property located in the Commonwealth, specifically including the Property.

6.   Defendant Specialized Inc., of Virginia (hereinafter "Specialized") is a corporation existing and organized under the laws of the Commonwealth of Virginia.  Defendant Specialized's principal place of business is located in Leesburg, VA. Defendant Specialized is licensed to and regularly does transact business in the Commonwealth of Virginia, including

service as a Trustee on Deeds of Trust and conduct of foreclosures, specifically including the
Property.

7.   Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"),
is a Delaware corporation.  MERS' principal place of business is located in Reston, VA.
Defendant MERS is licensed to and regularly does transact business in the Commonwealth of
Virginia, including the electronic registration and transfer of mortgages, specifically including
the Property.

8.   Defendant Chicago Title Insurance Company (hereinafter "CTIC") is a
corporation existing and organized under the laws of Nebraska.  Defendant CTIC's principal
place of business in Virginia is located in Centreville, VA.  Defendant CTIC is licensed to and
regularly does transact business in the Commonwealth of Virginia, including service as a Trustee
on Deeds of Trust, specifically including the Property.

9.   Plaintiff is unaware of the true number of, names of, and capacities of all
defendants sued herein as John & Jane Doe Certificate Holders of Mortgage Asset-Backed Pass-
Through Certificates, Series 2007RZ1, I-M inclusive, for the first trust promissory notes
assigned to the First Trust, and therefore sues these defendants by such fictitious names.
Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10.   Plaintiff is unaware of the true number of, names of, and capacities of all
defendants sued herein as Jack & Jill Doe Certificate Holders, I-M inclusive, for the second trust
promissory notes assigned to the Second Trust Home Equity/Second Trust Loan Trust, I-M
inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this
complaint to allege their true names and capacities when ascertained.

11. Plaintiff is unaware of the true number of, names of, and capacities of all
defendants sued herein as Qui & Chi Doe, I-M inclusive, who may have an interest in the real

property which is the subject of this Complaint as an association, corporation or entity, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

12. This Court may exercise personal jurisdiction over Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the Commonwealth of Virginia.

13. Venue is appropriate in this Court pursuant to Virginia code 8.01-261(3)(b) because this suit concerns real property located in Loudoun County, Virginia.

## FACTS

14. On August 25, 2006, Plaintiff purchased the Property located at 38 Stocks Street, Lovettsville, VA 20180.

15. To effectuate the purchase, Plaintiff executed a promissory note and a deed of trust as security interest on the property.

16. At closing, Plaintiffs signed a First "Deed of Trust" and First Promissory Note, which named MORTGAGEIT as Lender, CTIC as Trustee, and MERS as Beneficiary.

17. The First Promissory Note was for the amount of $477,500.00.

18. After executing the loan documents, Plaintiff began paying their loan payments to MORTGAGEIT.

19. Plaintiff is the owner and sole title-holder of the Property.

20. In 2009, Plaintiff began receiving demands for payment and threats of foreclosure from Defendants GMAC and Specialized.

21. Upon information and belief, servicing of the subject first trust loan was transferred to Defendant GMAC within three months of closing (which occurred on 8.25.06).

22. Upon information and belief these demands were sent on behalf of Defendant BoA.

23. Defendants BoA, Specialized and GMAC have no authority to enforce the obligation under the First Trust Note and/or the First Deed of Trust.

24. Defendants GMAC and Specialized, in violation of the Fair Debt Collections Practices Act and/or extortion laws, sent a number of communications to Plaintiff demanding payment, declaring default and acceleration on the First Trust Note, and threatening Plaintiff with foreclosure if she failed to pay, when none of these Defendants had any right to enforce any alleged obligation of Plaintiff to Fremont.

25. Plaintiff alleges that each of the Defendants' claim of interest in the property, including Defendant MERS, is adverse to those of Plaintiff and that Defendants are without standing and legal authority to exercise any claim on the subject property, and that such claims, if any, are subject to being "quieted."

26. Upon information and belief, Defendants, including MERS, have no legal or equitable right, claim or interest in said real property as the obligation has been extinguished, has been satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

27. Defendant Specialized, by letter dated July 31, 2009, advised Plaintiff that their home would be foreclosed on August 19, 2009, at 8:30 am.

28. Defendant Specialized, in violation of its fiduciary and impartial obligations under the first trust deed of trust has failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

7

29. To create the appearance of authority to conduct the scheduled foreclosure Defendant MERS, BoA, and Specialized, executed, notarized, and filed with the land records a "Deed of Appointment of Substitute Trustee" dated May 18, 2009.

30. The Deed of Appointment of Substitute Trustee states:

> WHEREAS, SECTION 55-59(9) of the Code of Virginia provides that the Noteholder may remove the trustee(s) of the Deed of Trust and appoint successor trustee(s) for any reason…

31. Nowhere in VA Code §55-59 or the Deed of Trust is that language giving any authority to a "Noteholder" found or supported.

32. Defendant Specialized has filed *scores* of Deeds of Appointment of Substitute Trustee with this County's Land Records substituting themselves as "Trustee" or "Substitute Trustee," citing this same fallacious language that is completely unsupported by the Deed of Trust or Virginia law, permitting them to proceed to foreclosure on property in this County.

33. The Deed of Trust clearly states in paragraph twenty-four (24) that the "Lender" may remove and appoint substitute trustees.

34. In the Deed of Substitute Trustee Jeffrey Stephan, alleged VP of MERS (presumably, it is unclear), asserts under oath that he is executing the Deed of Appointment of Substitute Trustee on behalf of MERS appointing Specialized as trustee; and further asserts that MERS is the nominee of BoA; that BoA is successor in interest to LaSalle Bank, N.A., as trustee to Defendant RAMP Trust, which is itself perhaps purportedly acting on behalf of unknown, undetermined, and undisclosed certificate holders.

35. By the language contained in VA Code §55-59 (9) and the Deed of Trust itself, Defendant BoA does not qualify as the "Lender," nor is it entitled to greater than 50% of the proceeds from the obligations therefrom.

8

36. By the language contained in VA Code §55-59 (9) and in the Deed of Trust itself, Defendant MERS does not qualify as the "Lender," nor is it entitled to greater than 50% of the proceeds from the obligations therefrom.

37. By the language contained in VA Code §55-59 (9) and in the Deed of Trust itself, RAMP Trust does not qualify as the "Lender," nor is it entitled to greater than 50% of the proceeds from the obligations therefrom.

38. Defendant Specialized, in violation of its fiduciary and impartial obligations under the first trust deed of trust has failed to make any inquiry into the authority of MERS and BoA to act under the Deed of Trust.

39. Further, Defendant Specialized has failed to maintain its impartiality or conducted reasonable due diligence to perform its own functions.

40. Specifically, Defendant Specialized asserts without establishing its authority to so do, that it has prepared the Deed of Appointment of Substitute Trustee.

41. In so doing, it impliedly asserts that MERS is BoA's "nominee" and that a "nominee" has the authority to enforce the Deed of Trust; that BoA is successor by merger to LaSalle Bank, N.A., as trustee to RAMP Trust; that BoA is therefore authorized to act as trustee to RAMP Trust in the capacity that authorizes it to remove and appoint substitute trustees; and that RAMP Trust has *any* authority to act given it is a loan trust that has issued certificates to unknown, undetermined, unidentified, and undisclosed Defendants John & Jane Doe certificate holders.

42. Essentially, Defendant Specialized has accepted, without question, the authority of Jeffrey Stephan to sign on behalf of MERS, of MERS to sign on behalf of BoA, as its "nominee," that BoA is successor by merger as trustee in place of LaSalle Bank, N.A.; that LaSalle Bank, N.A. had authority to act as trustee for RAMP Trust; and that RAMP Trust has

authority to <u>enforce the Deed of Trust</u> on behalf of the unknown, undetermined, unidentified, and undisclosed certificate holders; AND most importantly, that this daisy and flimsy chain of authority is allowed under the Deed of Trust which is the subject of this litigation.

43. Whatever contractual arrangement 3rd parties enter into with respect to their securitization of the subject Note is their business.

44. However, Plaintiff is a party to a security instrument, a contractual agreement called the Deed of Trust. No actions of 3rd parties may amend or change the terms of the contract to which Plaintiff is a party without Plaintiff's consent.

45. Further, whatever arrangements these 3rd parties may have regarding their contractual arrangements amongst themselves, have nothing to do with the obligations Plaintiff may have under the Deed of Trust.

46. Simply put, there is no privity or indicia of privity in contract between Plaintiff and those entities that wish to effectuate a foreclosure against Plaintiff's home.

47. To put it more succinctly, Defendants do not have standing or indicia of standing to conduct their concerted activities in furtherance of their extortion activities.

48. Once Plaintiff refused to pay, Defendants threatened foreclosure of Plaintiff's Property.

49. By proceeding with the aforementioned demands for payment and threats of foreclosure Defendants GMAC and Specialized are, and were at all times material herein, in violation of the FDCPA and engaging in extortion by demanding money from Plaintiff when no debt is owed.

50. Once Plaintiff refused to pay, Defendants threatened foreclosure of Plaintiff's Property.

10

51. By proceeding with the aforementioned demands for payment Defendants GMAC and Specialized engaged in extortion by demanding money from Plaintiff when no debt was owed or, in the alternative, the security interest was unenforceable.

52. Defendant Specialized is in breach of its fiduciary duty to Plaintiff to remain impartial as required by Virginia law.

53. The actions of, and extortion by, the Defendants GMAC and Specialized will result in significant harm to the Property of Plaintiff - the title to her property - unless the foreclosure scheduled for August 19, 2009, is declared stayed by the Court.

54. Plaintiff disputes any debt is owed to Defendant BoA, MERS, MORTGAGEIT, RAMP Trust, or any other Defendant.

55. By proceeding with the aforementioned demands for payment Defendants GMAC and Specialized engaged in extortion by demanding money from Plaintiff when no debt was owed or, in the alternative, the security interest was unenforceable.

## COUNT I
### (VIOLATION OF THE FDCPA)
Fair Debt Collection Practices Act ("FDCPA")
15 U.S.C. § 1692 et seq. (2000)

56. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 55 of the Complaint as if stated fully herein.

57. Without the authority to so act, GMAC and Specialized have engaged in practices that violate the Fair Debt Collection Practices Act, as these Defendants do not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note.

58. In the alternative, were GMAC and Specialized, acting at the behest of another unknown entity (upon information and belief one of the other listed Defendants, i.e. Certificate

11

Holders), their actions are still in violation of the FDCPA as that entity does not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note, or was acquired after an alleged declaration of default.

WHEREFORE, Plaintiff respectfully requests that this court award the maximum statutory damages under Fair Debt Collection Practices Act against Defendants GMAC and Specialized, and potentially the John & Jane Doe Certificate Holders for each violation of the FDCPA, and award them reasonable attorney's fees, costs, and punitive damages.

## COUNT II
### (DECLARATORY JUDGMENT)
Virginia Code Ann. §8.01-184

59. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 60 of the Complaint as if stated fully herein.

60. Defendants have no legal or equitable right or interest in the Promissory Note and/or Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note, and, consequently, enter an Order declaring the Trustee's Deed of Foreclosure void and of no effect.

WHEREFORE, Plaintiff respectfully requests that this Court declare that, as a result of the securitization process to which the Promissory Note has been subjected, the Defendants have no legal or equitable interest in the Property, have no authority to enforce the security instrument and/or Promissory Note, and that the foreclosure was unlawful and should be set aside while voiding the Trustee's Deed of Foreclosure and that these Defendants be Ordered to request that any and all negative information reported to credit agencies related to the subject loan(s) be removed.

12

## COUNT III
### (BREACH OF FIDUCIARY DUTY)

61. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 60 of the Complaint as if stated fully herein.

62. Defendant Specialized owed the duty of impartiality and the ordinary care of a fiduciary to the Plaintiff, but engaged in collection efforts against the Plaintiff for an alleged default under the Promissory Note.

63. Specialized failed to perform reasonable due diligence when the request to proceed to foreclose was made by Defendant GMAC, BoA, MERS and/or potentially the John & Jane Doe Certificate Holders, or other unknown entity in violation of their duties of impartiality and ordinary care of a fiduciary.

64. Defendant Specialized has engaged in extensive efforts to collect an alleged obligation from Plaintiff and have wrongfully scheduled a foreclosure on Plaintiff's home in further violation of said duties.

WHEREFORE, Plaintiff respectfully requests that this court award her damages against Defendant Specialized in the amount of $100,000.00, plus reasonable attorney's fees and costs.

## COUNT IV
### (QUIET TITLE)

65. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 64 of the Complaint as if stated fully herein.

66. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property.

13

67. Plaintiff therefore seeks a declaration that the title to the Property is vested in Plaintiff alone, free of the lien(s) of the Deed(s) of Trust, and that the Defendants herein, jointly and severally, be declared to have no estate, right, title or interest in the subject property, and, further, that said Defendants be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiff herein, and award her reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Quieting Title in the name of Plaintiff alone, and award her reasonable attorney's fees and costs.

## COUNT V
## (INJUNCTION)
### Virginia Code § 8.01-620, § 8.01-622

68. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 67 of the Complaint as if stated fully herein.

69. This action will determine the rights of the parties to the Property.

70. Defendant Specialized has scheduled a foreclosure of Plaintiff's home for August 19, 2009. If the foreclosure is not stayed Plaintiff will suffer immediate, substantial, and irreparable injury.

71. There is no other adequate remedy at law that can protect Plaintiff's rights and the efforts to foreclose on the property must be stayed.

WHEREFORE Plaintiff seeks an injunction staying the foreclosure until this action may be litigated and the rights of the parties are determined by this Court.

## COUNT VI
## (FRAUD)

72. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 71 of the Complaint as if stated fully herein.

14

73. This action will determine the rights of the parties to the Property.

74. Defendants MERS, Specialized, and BoA, have scheduled a foreclosure against Plaintiff's Property stipulating in their Deed of Substitute Trustee that

> WHEREAS, SECTION 55-59(9) of the Code of Virginia provides that the Noteholder may remove the trustee(s) of the Deed of Trust and appoint successor trustee(s) for any reason...

75. The aforementioned stipulation contained in the Deed of Substitute Trustee is *NOWHERE* to be found on the Deed of Trust or in VA Code §55-59(9) – neither even remotely begins to even suggest that a mere "Noteholder" may enforce any provision of the Deed of Trust.

76. Based on such misrepresentations, the Defendants MERS, Specialized, and BoA, fraudulently misrepresented and ascertained their authority to conduct a foreclosure.

77. The Deed of Trust, if anything, mentions only the "Lender" as having any such authority. These Defendants do not qualify as the "Lender."

78. VA Code §55-59(9) states that the entity entitled to greater than 50% of the proceeds due under the Note may enforce the Deed of Trust. These Defendants do not qualify as those entitled to greater than 50% of the proceeds due under the Note.

79. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiffs, and the Judicial system and the Courts of the Commonwealth of Virginia, that Defendants are the true parties in interest, have fraudulently set themselves up as having the right to commence or effectuate foreclosures in the Commonwealth of Virginia.

80. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiffs, and without worrying or attempting to preserve the sanctity of the Commonwealth of Virginia's Land Recording System and Land Records, have falsely, inaccurately and fraudulently set themselves up as having the right to commence or effectuate foreclosures in the Commonwealth of Virginia.

81.   In submitting sworn and notarized documents to the Land Records of the Circuit Court, Defendants MERS, Specialized, and BoA have perpetrated a fraud upon the Plaintiff, the Court, and the residents of this County.

WHEREFORE, Plaintiff respectfully requests that this Court award them damages in the amount of $100,000.00, attorney's fees, costs and punitive damages.

## COUNT VII
### (DUE PROCESS VIOLATION - 5TH and 14th AMENDMENTS to THE CONSTITUTION OF THE UNITED STATES OF AMERICA and SECTION 11 of ARTICLE I of THE BILL of RIGHTS of VIRGINIA)

82. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 81 of the Complaint as if stated fully herein.

83. Were this Court to deny the request to stay the foreclosure Plaintiff would be left with attempting to challenge the unlawful foreclosure of their home in court at the unlawful detainer stage.

84. Pursuant to VA Code §107, and §8.01-129, to appeal an order of the General District Court, a party must pay: i) the appeal fee; ii) the writ tax; and iii) any bond set by the General District Court within ten (10) calendar days from the date of the trial and the order.

85. Thus, for Plaintiff to raise legitimate and substantive issues of law and equity, standing, or title, if the Court prefers to view it as such, she must pay $7,000.00 to the General District Court, or her appeal will not be accepted.

86. To make matters worse and further assist in the unlawful taking of a Plaintiff's property rights with her own home, there is no procedural mechanism in the judicial process in the Commonwealth of Virginia to appeal or review the imposition of the General District Court bond.

16

87. Further, without actually paying the bond to assert Plaintiff's right to keep her home (Plaintiff's assertions that the foreclosing entities have no standing, right or color of title to conduct their unlawful foreclosure), Plaintiff is estopped from even attempting to assert her claims in the Circuit Court or the Supreme Court of Virginia. See VA Code §16.1-109 – circuit court may increase bond, but has no statutory authority to *reduce* a bond.

88. The Fifth Amendment of the United States Constitution states, in part:

"[N]o person shall be …. deprived of life, liberty, or property, without due process of law."

The 5th Amendment is applied to the states through the 14th Amendment of the U.S. Constitution.

89. A homeowner's due process in a foreclosure situation may not be at issue in a "judicial" foreclosure jurisdiction, as state action is not involved, and the creditor must go to court to establish standing, prove debt default, failure to cure, or that it is the true party in interest having the authority to foreclose on the real property at issue.

90. A homeowner's due process in a foreclosure situation becomes an issue in the Commonwealth of Virginia as it is a "non-judicial foreclosure jurisdiction."

91. In the non-judicial foreclosure, a purported creditor with a purported security interest in real estate may foreclose on the property without having to go to court and establish standing, prove debt default, a debtor's failure to cure, that it is the true party in interest having the authority to foreclose on the real property at issue, and without having to prove that its alleged security interest has not already been satisfied or cancelled.

92. As distinguished from a judicial foreclosure jurisdiction, in Virginia, all a putative real estate foreclosing entity or putative lender must do is comply with a set of procedures established by statute.

17

93. It is precisely these statutory provisions for non-judicial foreclosures that constitute "state action" in Virginia.

94. On argument against the imposition of a bond to assert legitimate and substantive issues of law and equity at the Circuit Court level, the General District Court's response when ordering the imposition of bond is that the statute requires it, that the legislature has spoken, and that a non-judicial foreclosure process does not constitute enough state action to be viewed as an unconstitutional deprivation of due process rights guaranteed to each individual under the 5th and 14th Amendments to the United States Constitution and Article I, § 11 of Virginia's Bill of Rights, respectively.

95. Respectfully, Plaintiff submits that the General Assembly and the Courts are taking a very narrow view of the process and are not recognizing the significance or repercussions of such non-judicial process.

96. Using a circuitous reasoning, the General Assembly and the Courts are limiting their analysis of the constitutionality of the non-judicial foreclosure process in Virginia to the mere fact that it is a matter of private contract.

97. In reality and when considering the totality of the circumstances, homeowners on a daily basis in the Commonwealth of Virginia are being deprived of their constitutional protection against denial of due process not only during the non-judicial foreclosure process, but in the unlawful detainer process as well.

98. The first opportunity for a property homeowner to challenge the standing of the foreclosing entity is during the unlawful detainer trial.

99. Attempts at challenging the foreclosure *prior* to the scheduled foreclosure date result in the imposition of a bond, same as if it the issues were being presented or addressed at the unlawful detainer trial.

18

100.     On several occasions, the undersigned has filed injunctions in the Circuit
Court to stay foreclosure proceedings.

101.     As a general rule, the Circuit Court will require the imposition of a bond
to challenge a foreclosure *ab initio*, without regard to whether or not legitimate and substantive
issues of law and equity exist.

102.     Plaintiff requests that this Circuit Court consider the totality of the
circumstances Plaintiff faces.

103.     Among the substantive legal and equitable issues to be decided prior to
any taking of Plaintiff's real property interest in violation of the 5th Amendment is whether the
appropriate foreclosing entity has actual authority to conduct or commence a non-judicial
foreclosure on Plaintiff's home and whether such foreclosing entity has standing to do so.

104.     Further, in a securitized mortgage environment, the issue of whether an
actual "lender" or "creditor" even exists, or has come forth, or has standing cannot even be raised
in Virginia's non-judicial foreclosure process. See VA Code§8.01-150.  The denial of such
opportunity is a further denial of Plaintiff's rights of Due Process.

105.     As recently as March 3, 2009, the U.S. Supreme Court reiterated a court's
independent obligation to ensure a party before it has standing to be there [*Summers v. Earth
Island Institute*, No . 07-463 (U.S. 3/3/2009)].  Also, see, *Bender v. Williamsport Area School
Dist.*, 475 U. S. 534, 541 (1986).

106.     In a non-judicial foreclosure jurisdiction, like Virginia, the foreclosing
entity's standing is *presumed* – by the non-judicial process itself.

107.     Further, even when a foreclosing entity's standing is challenged and
demonstrated by clear and convincing evidence that such standing does not exist, the presumed
validity of their actions is again reiterated and *presumed valid* during trial at the General District

19

Court level by an evidentiary statute, VA Code §8.01-389, which is being mis-applied throughout the Commonwealth of Virginia as a substantive law statute as opposed to a mere evidentiary statute.

108.    In unlawful detainer cases and trials, which follow a non-judicial foreclosure sale, the problems created by this "presumption of validity" are exacerbated and are creating a tremendous waste of resources, are increasing the courts dockets, and are creating outrageous, unfathomable, questionable and unacceptable clouds on title thoughout the Commonwealth of Virginia.

109.    In light of the above, Plaintiff respectfully requests that this Honorable Circuit Court stay the foreclosure scheduled for August 19, 2009.

WHEREFORE, Plaintiff respectfully requests that this Court waive the imposition of any requested Bond.

**Plaintiff demands a Jury Trial on all issues raised by this Complaint.**

PABLO QUIROGA
MARIA DAVIS
By Counsel,

Brown, Brown & Brown, P.C.

By: _____
Christopher E. Brown, VSB#39852
R. Michael Smith, VSB#13493
6269 Franconia Rd
Alexandria, Virginia 22310
703.924.0223
Fax 703.924.1586
brownfirm@lawyer.com
*Counsel for Plaintiffs*

20

# VIRGINIA:

## IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| PABLO QUIROGA and<br>MARIA DAVIS,<br>       Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| GMAC MORTGAGE, LLC, | )<br>) |
| BANK OF AMERICA, as successor by<br>Merger to LaSalle Bank N.A. as Trustee<br>for RAMP 2007RZ1, | )<br>)<br>)<br>) |
| RAMP SERIES 2007-RZ1 Trust, | )   Civil No. CL-57465<br>) |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC., | )<br>)<br>) |
| MORTGAGEIT, INC., | )<br>) |
| SPECIALIZED INC. OF VIRGINIA, | )<br>) |
| CHICAGO TITLE INSURANCE CO., | )<br>) |
| JOHN & JANE DOE CERTIFICATE<br>HOLDERS of Mortgage Asset-Backed<br>Pass-Through Certificates,<br>Series 2007-RZ1, I-M, *et al.*,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING OF REMOVAL TO FEDERAL COURT

**PLEASE BE ADVISED** that a Notice of Removal of this proceeding from the Circuit Court of Loudoun County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division (a copy of which is attached hereto as Exhibit A), was filed the 5th day of April, 2010 by **GMAC MORTGAGE, LLC** ("GMACM"), Defendant in the above-captioned proceeding. Removal of this action pursuant to 28 U.S.C. § 1446(d) has been effected,

and this Court shall proceed no further.

To the extent that any responsive pleading is required in response to the allegations set forth in Plaintiffs' Complaint, any such allegations are hereby denied by GMACM.

Respectfully submitted,

GMAC MORTGAGE, LLC
By Counsel

S. Ricardo Narvaiz, VA Bar No. 39938
Law Offices of S. Ricardo Narvaiz
1300 Spring Street, Suite 500
Silver Spring, Maryland 20910
Telephone: (301) 628-2066
Facsimile: (301) 588-0854

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2010, a copy of the foregoing notice in the above-referenced case was sent by e-mail and U.S. mail, postage prepaid, to the following:

Christopher E. Brown, Esq.
R. Michael Smith, Esq.
Miguel Vaca, Esq.
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, VA 22310

Bank of America, N.A.
Office of the President
100 North Tryon Street
Charlotte, NC 28255

Ramp Series 2007-RZ1 Trust
8400 Normandale Lake Blvd., Suite 600
Minneapolis, MN 55437

2

Mortgage Electronic Registration System, Inc.
1818 Library Street
Reston, VA 20190

Mortgageit, Inc.
33 Maiden Lane, 6th Floor
New York, NY 20038

Specialized Inc. of Virginia
722 E. Market Street, Suite 200
Leesburg, VA 20176

Chicago Title Insurance Co.
5875 Trinity Parkway, Suite 210
Centreville, VA 20120

S. Ricardo Narvaiz